IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| MARTIN SATURN, | : |
|               Plaintiff, | : |
| | : |
|      v. | :   Civil No. 5:20-cv-04087-JMG |
| | : |
| SALISBURY BEHAVIORAL HEALTH, LLC, | : |
| *et al.*, | : |
|               Defendants. | : |

_____

**ORDER**

**AND NOW,** this 22nd day of December, 2020, upon consideration of Plaintiff Martin Saturn's Complaint (ECF No. 1), Defendant Volos Properties, IV, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) (ECF No. 7), Defendants Salisbury Behavioral Health LLC and Salisbury Management LLC's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8), and Plaintiff's responses thereto (ECF Nos. 9, 10), it is hereby **ORDERED** that Defendants' motions are **GRANTED** to the extent they raise facial jurisdictional challenges.[1]

---

[1] Defendant Volos Properties, IV, LLC ("Volos") and Defendants Salisbury Behavioral Health LLC and Salisbury Management LLC (collectively, "Salisbury") have moved to dismiss the Complaint for lack of subject matter jurisdiction. *See* ECF Nos. 7, 8. The Defendants argue that the Complaint fails to adequately plead the citizenship of the parties, and as a factual matter, the parties are not diverse. *See* ECF No. 7-1, at 6–7; ECF No. 8, at 3.

      District courts have original jurisdiction over actions in which the requirements for diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires both an amount in controversy in excess of $75,000 and complete diversity of citizenship between the opposing parties. *See id.* § 1332(a). An individual's citizenship "is synonymous with domicile," and an individual's domicile is "'his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Friedrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). A limited liability company ("LLC") is a citizen of all the states where its members are citizens. *GBForefront L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). "[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (quoting *Zambelli*, 592 F.3d at 420)). The party invoking a court's jurisdiction bears the burden of establishing that jurisdiction is proper. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Plaintiff's Complaint is **DISMISSED without prejudice** to file an amended complaint no later than **January 22, 2021**.[2]

BY THE COURT:

*/s/ John M Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Subject matter jurisdiction may be challenged facially or factually. *GBForefront*, 888 F.3d at 34. A facial attack involves "an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction of the court." *Id.* at 35 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). In contrast, a factual attack involves "an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* (omission in original) (quoting *Constitution Party of Pa.*, 757 F.3d at 358). For factual challenges, unlike facial challenges, the court may "look beyond the pleadings to ascertain the facts." *See id.* (quoting *Constitution Party of Pa.*, 757 F.3d at 358).

Although the Defendants here raise both facial and factual jurisdictional challenges, the Court only needs to reach the former at this time. According to the Complaint, Plaintiff resides in Maryland. ECF No. 1 ¶ 1. Yet, there are no allegations as to Plaintiff's citizenship or domicile. "Alleging residency alone is insufficient to plead diversity of citizenship . . . ." *GBForefront*, 888 F.3d at 35; *see also Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). The Plaintiff's allegations are similarly lacking with respect to the citizenship of the Defendants. Because the Defendants are LLCs, their citizenship is determined by their members' citizenship. *GBForefront*, 888 F.3d at 34. At a minimum, the Plaintiff was required to plead, upon information and belief, that none of the Defendants' members are citizens of Plaintiff's state of citizenship. *Lincoln Ben. Life Co.*, 800 F.3d at 107 ("A State X plaintiff may therefore survive a facial challenge by alleging that none of the defendant association's members are citizens of State X."). Plaintiff has not done that here. Instead, Plaintiff only alleged that the Defendants were LLCs organized under Pennsylvania law with registered addresses in Pennsylvania. ECF No. 1 ¶ 2–4. Such pleading, on its face, is insufficient to invoke the subject matter jurisdiction of this Court. However, the Plaintiff will be permitted to amend the Complaint to fix the defective jurisdictional allegations. *GBForefront*, 888 F.3d at 36 (citing 28 U.S.C. § 1653).

[2] The permission to file an amended complaint is without prejudice to the Defendants' right to reassert any factual jurisdictional challenges if appropriate.